UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRIS PHILLIPS (#314813)

VERSUS                                                CIVIL ACTION

TRISH FOSTER, ET AL                                   NUMBER 07-428-FJP-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 29, 2007.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRIS PHILLIPS (#314813)

VERSUS                                          CIVIL ACTION

TRISH FOSTER, ET AL                             NUMBER 07-428-FJP-SCR

MAGISTRATE JUDGE'S REPORT

    Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Chad Darbone and Lt. Smith.[1]  Plaintiff sought leave of court to amend the complaint to add H. Duncan as a defendant.[2]  Plaintiff alleged that he was reassigned to a working cell block, he was transferred to an area occupied by known enemies, his property was withheld and he was retaliated against for filing an administrative grievance.  Plaintiff's claims against defendants Warden Burl Cain, Trish Foster and Donna DeMoss were previously dismissed.[3]

    Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

---

    [1] Lt. Smith was not identified in the caption of the complaint but was listed in Part III of the complaint form.  Lt. Smith was not served with the summons and complaint.

    [2] Record document number 30.

    [3] Record document number 29, Magistrate Judge's Report; record document number 32, Order adopting magistrate judge's report and recommendation.

>     (c) Dismissal.--(1) The court shall on its own
>     motion or on the motion of a party dismiss any
>     action brought with respect to prison conditions
>     under section 1979 of the Revised Statutes of the
>     United States (42 U.S.C. § 1983), or any other
>     Federal law, by a prisoner confined in any jail,
>     prison, or other correctional facility if the court
>     is satisfied that the action is frivolous,
>     malicious, fails to state a claim upon which relief
>     can be granted, or seeks monetary relief from a
>     defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

Plaintiff alleged that on May 3, 2007, he attended a protection hearing conducted by Maj. Darbone.  Plaintiff alleged that he was ordered transferred to Camp D.  Plaintiff alleged that on May 22, Lt. Smith told the plaintiff he was being transferred to Camp D.  Plaintiff alleged that he informed Lt. Smith that he refused to be transferred to Camp D because he had known enemies at Camp D.  Plaintiff alleged that Lt. Smith told him he could not refuse the transfer and threatened to drag the plaintiff out of his cell if necessary.  Plaintiff alleged that he was transported to Camp D and when he refused to enter his cell he was issued a disciplinary report for aggravated disobedience by an unidentified corrections officer and was placed in administrative segregation.

Allegations of verbal abuse alone do not present claims under section 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). The allegations against Lt. Smith regarding verbal abuse is therefore insufficient to raise a constitutional violation.

Because it is clear that the plaintiff's claims against Lt. Smith have no arguable basis in fact or in law and the allegations fail to state a claim, the claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims against Lt. Smith be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, November 29, 2007.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE